## PULLMAN CO. v. CUTTLE.

(Circuit Court of Appeals, Fifth Circuit.
October 28, 1924.)

No. 4321.

1. **Carriers** &—416 — Declaration in action against Pullman Company for negligent placing of ladder against upper berth held to state prima facie case.

Declaration alleging negligence of Pullman Company's servant in placing ladder for plaintiff's use in ascending to upper berth *held* to state prima facie case.

2. **Carriers** &—416—Evidence held sufficient to go to jury on question of negligence of Pullman Company's servant.

Evidence *held* sufficient to go to jury on question of negligence of Pullman Company's servant in manner of placing ladder for plaintiff's use in ascending to upper berth.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by M. C. Cuttle against the Pullman Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Albert Howell, Jr., and Mark Bolding, both of Atlanta, Ga. (Dorsey, Brewster, Howell & Heyman, of Atlanta, Ga., on the brief), for plaintiff in error.

Geo. Westmoreland, of Atlanta, Ga. (J. Caleb Clarke and John L. Westmoreland, both of Atlanta, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. This is a suit for personal injuries alleged to have been sustained by a fall from a ladder upon which the defendant in error, at the solicitation of the plaintiff in error, was engaged in ascending to an upper berth, which he had purchased for a journey from the city of Birmingham, Ala., to New Orleans. The allegation of negligence is in the manner in which the defendant's agent placed the ladder, causing it to collapse when the plaintiff put his weight on it and endeavored to sit in said berth. The defendant, the Pullman Company, demurred to the petition as not setting forth a cause of action against it, which demurrer was overruled.

When the evidence was closed, the defendant, the Pullman Company, moved the court to grant a compulsory nonsuit and dismiss the case, on the ground that there was no evidence to authorize a verdict, and that the evidence showed that the plaintiff was guilty of contributory negligence in bringing about the injuries complained of, which motion was overruled, and a verdict for the plaintiff for $1,000 rendered.

[1] The evidence showed that the plaintiff called upon the porter of the car to place a ladder for him to ascend the berth. Thereupon the porter directed another employee of the company to place said ladder, which was of the usual make and kind used by said company. The plaintiff ascended said ladder, and while in the act of getting into his berth the ladder collapsed and fell, causing the plaintiff to fall and hurt his back and legs. There was no proof to show that the ladder was of an unusual kind or different structure from usual. There was proof to the effect that it would not have fallen if properly extended for placing. The declaration made a prima facie case, and the demurrer to it was properly overruled.

[2] There was sufficient evidence offered to take the case to the jury, and the court properly overruled the motion to nonsuit the case and dismiss the same. We therefore conclude that the judgment below should be affirmed.

Affirmed.